IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA

Alexandria Division

| | |
|---|---|
| LARRY TITTLE, ) | |
| ) | |
|     Petitioner, ) | |
| ) | |
|          v. ) | Criminal Action No. 04-73 |
| ) | Civil Action No. 05-983 |
| UNITED STATES OF AMERICA, ) | |
| ) | |
|     Respondent. ) | |

## **M E M O R A N D U M   O P I N I O N**

This matter is before the Court on Petitioner's motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255. For the following reasons, the Court will deny Petitioner's motion.

### **I.  Background**

On May 21, 2004, a federal grand jury returned a superseding indictment charging Petitioner, Larry Tittle, with conspiracy to distribute five (5) kilograms or more of cocaine in violation of 21 U.S.C. § 846. Petitioner initially entered a plea of not guilty to this charge. On October 14, 2004, Petitioner withdrew his initial plea and pleaded guilty to a criminal information charging him with the lesser offense of conspiracy to distribute 500 grams or more of cocaine in violation of 21 U.S.C. §§ 841(a)(1), 846. This offense carried a mandatory minimum sentence of sixty (60) months imprisonment. *See* 21 U.S.C. § 841(b)(1)(B).

Petitioner's sentencing hearing was held on December 17, 2004. At this hearing, the Court found Petitioner to be a Category III offender with an adjusted offense level of twenty-three (23). The Court then sentenced Petitioner to sixty (60) months imprisonment, the statutory mandatory minimum penalty. Petitioner was represented by attorney Patrick Anderson throughout the plea and sentencing proceedings.

On November 28, 2005,[1] Petitioner filed the instant motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255, alleging that he received ineffective assistance of counsel. Petitioner argues that his guilty plea was unknowing and involuntary due to several alleged errors and misrepresentations by Anderson. Specifically, Petitioner claims that Anderson failed to advise him of the elements the Government was required to prove in order to convict Petitioner of conspiracy. Petitioner also contends that Anderson failed to inform him of an available venue defense and failed to explain to

---

[1] On August 10, 2005, Petitioner filed a motion titled a "Motion to Hear Request for Public Defender." Because the motion contained substantive allegations of ineffective assistance of counsel, the Court construed the motion as one pursuant to 28 U.S.C. § 2255, and the Government responded accordingly. On October 20, 2005, Petitioner objected to the Court's characterization of his August 10, 2005 motion. After taking Petitioner's objections into account, the Court will reconsider its characterization of his August 10, 2005 motion and therefore will not find the November 28, 2005 motion to be successively filed. It is unnecessary, however, for the Court to order a second response from the Government, as the Government's response to the substantive allegations contained within Petitioner's August 10, 2005 motion adequately addresses the grounds set forth in the motion currently under consideration. Furthermore, as the Government's response was filed on October 17, 2005, and the instant motion was filed on November 28, 2005, Petitioner has had an adequate opportunity to reply to the Government's response.

Petitioner that his sentence would only take into account conduct that was known or reasonably foreseeable to him.  Petitioner now claims that he would not have pleaded guilty if he had been informed of these defenses.  Petitioner's motion is currently before the Court.

## II.  Standard of Review

Under 28 U.S.C. § 2255, a person may attack his sentence on four grounds: (1) that the sentence was imposed in violation of the Constitution or the laws of the United States, (2) that the court was without jurisdiction to impose the sentence, (3) that the sentence was in excess of the maximum authorized by law, or (4) that the sentence is otherwise subject to collateral attack.  28 U.S.C. § 2255; *see also Hill v. United States*, 368 U.S. 424, 426-27 (1962).  To prevail under § 2255, the movant bears the burden of proof by a preponderance of the evidence.  *Miller v. United States*, 261 F.2d 546, 547 (4th Cir. 1958).

Claims of ineffective assistance of counsel may give rise to a constitutional issue cognizable under 28 U.S.C. § 2255. *See United States v. Fisher*, 477 F.2d 300, 302 (4th Cir. 1973). To prove that ineffective assistance of counsel violates the Sixth Amendment, a petitioner must satisfy a two-pronged test established by the Supreme Court in *Strickland v. Washington*, 466 U.S. 668, 687 (1984).  *See also Bell v. Evatt*, 72 F.3d 421, 427

(4th Cir. 1995), *cert. denied sub nom. Bell v. Moore*, 518 U.S. 1009 (1996).  A petitioner must show that "(1) his counsel's performance fell below an objective standard of reasonableness in light of the prevailing professional norms, and (2) 'there is a reasonable probability that but for counsel's unprofessional errors, the result of the proceeding would have been different.'" *Bell*, 72 F.3d at 427 (quoting *Strickland*, 466 U.S. at 688).  If a petitioner fails to meet either requirement, his claim for ineffective assistance of counsel fails.  *Strickland*, 466 U.S. at 697.  Furthermore, if a petitioner fails to make a sufficient showing on one prong of the test, the Court is not obliged to address the other prong.  *Id.* at 700.

As to the first prong, "[j]udicial scrutiny of counsel's performance must be highly deferential."  *Id.* at 689.  The Supreme Court has elaborated on the deference due to counsel's performance, explaining that:

> A fair assessment of attorney performance requires that every effort be made to eliminate the distorting effects of hindsight, to reconstruct the circumstances of counsel's challenged conduct, and to evaluate the conduct from counsel's perspective at the time.  Because of the difficulties inherent in making the evaluation, a court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that, under the circumstances, the challenged action might be considered sound trial strategy.

*Id.* (quotation marks and internal citations omitted).

Petitioner carries a heavy burden under the second prong of the *Strickland* test. The essence of the Sixth Amendment guarantee is "to ensure that a defendant has the assistance necessary to justify reliance on the outcome of the proceeding." *Id.* at 691-92. In accord with this principle, Petitioner must establish that any deficiency in counsel's performance was prejudicial to him. *Id.* at 692. Prejudice exists only where "counsel's unprofessional errors so upset the adversarial balance between defense and prosecution that the trial was rendered unfair and the verdict rendered suspect." *Kimmelman v. Morrison*, 477 U.S. 365, 374 (1986). In reviewing a claim of prejudice, the Court must therefore determine whether the results of the proceedings were fundamentally unfair or unreliable. *Lockhart v. Fretwell*, 506 U.S. 364, 369 (1993).

### III. Analysis

According to Petitioner, he repeatedly told Anderson that his only involvement in illegal activity with his co-conspirators occurred in September 2002, when he traveled to New York with Calvin Meeks and agreed to purchase two ounces of cocaine through Meeks for personal use. Petitioner claims that he told Anderson that he had no other involvement in the conspiracy, aside from the two ounces purchased for personal use. Based on this premise, Petitioner argues that Anderson should have investigated the availability of a defense against venue in

the Eastern District of Virginia. *See United States v. Bowens*, 224 F.3d 302, 311 (4th Cir. 2000) (holding that a criminal act is committed, for venue purposes, only where the essential conduct elements of the offense take place).

In the Statement of Facts that accompanied Petitioner's plea agreement, Petitioner made the following admissions:

> Were this matter to go to trial, the United States of America would prove the following facts beyond a reasonable doubt:
>
> 1. From in or about September 2002, through in or about April 2003, *within the Eastern District of Virginia, the defendant, LARRY TITTLE, did unlawfully, knowingly, and intentionally combine, conspire, confederate, and agree with others* to unlawfully, knowingly, and intentionally distribute five hundred (500) grams or more of a mixture and substance containing a detectable amount of cocaine, a Schedule II controlled substance, in violation of Title 21, United States Code, Sections 841(a)(1) and 846.
>
> 2. This Statement of Facts does not contain each and every fact known to the defendant and to the United States concerning the defendant's and other's involvement in the charges set forth in the plea agreement.
>
> 3. In or about the Summer of 2002, defendant TITTLE was introduced to co-conspirator Calvin Meeks by Sean Silcox.
>
> 4. On September 11, 2002, TITTLE traveled to New York with Calvin Meeks in order to purchase cocaine.
>
> 5. During the conspiracy, defendant TITTLE conspired to distribute at least five hundred (500) but less than two (2) kilograms of cocaine hydrochloride (Level 26, USSG § 2D1.1), which was reasonably foreseeable to him.

(Statement of Facts (emphasis added).)  In his Rule 11 plea colloquy, Petitioner stated that he read, signed, and understood

the Statement of Facts. (Tr. of Oct. 14, 2004 Hr'g at 13.) Petitioner further stated, under oath, that the Statement of Facts accurately reflected his conduct in the case, and Petitioner declined to provide any additions or corrections to the Statement of Facts. (*Id.*)

It is axiomatic that a defendant charged with conspiracy may be tried in any jurisdiction where acts in furtherance of the conspiracy are performed. *See United States v. Snead*, 527 F.2d 590, 591 (4th Cir. 1975). Although Petitioner maintains that his only purchase of cocaine occurred in New York, he admitted to joining a wider conspiracy within the Eastern District of Virginia. It is therefore clear that venue was proper within the Eastern District of Virginia. For this reason, Anderson's alleged failure to inform Petitioner of a venue defense could not possibly constitute ineffective assistance of counsel.

Petitioner also claims that he would not have pleaded guilty if Anderson had properly informed him that he could only be sentenced based on conduct that was known or reasonably foreseeable to Petitioner. *See* U.S.S.G. § 1B1.3(a)(1)(B) (providing that the base offense level must take into account "all reasonably foreseeable acts and omissions of others in furtherance of the jointly undertaken criminal activity"). Petitioner argues that if he had not entered a guilty plea, the

maximum amount of drugs that could have been attributed to him at sentencing was three ounces, or approximately eighty-five grams.[2]

Once again, Petitioner's own admissions in his Statement of Facts foreclose his argument. Petitioner admitted specifically to conspiring "to distribute at least five hundred (500) but less than two (2) kilograms of cocaine hydrochloride (Level 26, USSG § 2D1.1), which was reasonably foreseeable to him." (Statement of Facts ¶ 5.) Although Petitioner now argues that he would not have pleaded guilty and signed the Statement of Facts if Anderson had advised him regarding his liability for foreseeable conduct, the Court must nevertheless hold Petitioner accountable for his own admissions, the truth of which he affirmed under oath before the Court.

Petitioner's § 2255 motion also contains a litany of other allegations concerning the deficiency of Anderson's representation. Petitioner claims that Anderson failed to inform him of the elements the Government would be required to prove to convict Petitioner of conspiracy, that Anderson coercively induced Petitioner to enter his guilty plea, and that Anderson implied to Petitioner that he would only be held accountable for the two ounces of cocaine that he personally used in New York. Each of Petitioner's current claims stand in direct contrast to

---

[2]This amount takes into account the two ounces of cocaine that Petitioner purchased from Calvin Meeks for personal use and one additional ounce of cocaine consumed by Calvin Meeks at the same time.

his sworn statements to this Court during his Rule 11 plea colloquy. During the plea colloquy, Petitioner swore that he had discussed the nature and elements of the conspiracy offense with Anderson and that he was satisfied with Anderson's services as his lawyer. (Tr. of Oct. 14, 2004 Hr'g at 5.) The Court read the conspiracy charge to Petitioner and informed Petitioner that the charge contained a five-year mandatory minimum sentence, and Petitioner stated that he understood. (*Id.* at 6.) The Court also explained to Petitioner that he could be held liable for the conduct of his coconspirators, and Petitioner informed the Court that he had discussed with Anderson his liability for his coconspirators' conduct and that he understood. (*Id.* at 7-8.) Petitioner also swore to the Court that he had not been threatened or forced in any way to plead guilty. (*Id.* at 10.) Finally, the Court warned Petitioner a second time that the offense listed in his Plea Agreement carried a five-year mandatory minimum sentence and that Anderson's estimated sentence could be too low, and Petitioner affirmed his understanding. (*Id.* at 11-13.)

The Fourth Circuit has instructed that a defendant's sworn statements in a Rule 11 colloquy affirming a plea agreement carry a strong presumption of verity and "present 'a formidable barrier in any subsequent collateral proceedings.'" *United*

*States v. Lemaster*, 403 F.3d 216, 221 (4th Cir. 2005) (quoting *United States v. White*, 366 F.3d 291, 296 (4th Cir. 2004).

> Thus, in the absence of extraordinary circumstances, the truth of sworn statements made during a Rule 11 colloquy is conclusively established, and a district court should, without holding an evidentiary hearing, dismiss any § 2255 motion that necessarily relies on allegations that contradict the sworn statements. Otherwise, a primary virtue of Rule 11 colloquies would be eliminated -- "permitting quick disposition of baseless collateral attacks."

*Id.* at 221-22 (quoting *Blackledge v. Allison*, 431 U.S. 63, 79 n.19 (1977)).  The contradiction between Petitioner's sworn statements during his Rule 11 colloquy and the allegations set forth in Petitioner's § 2255 motion reveal the latter as patently frivolous or false.  There being no need for an evidentiary hearing, the Court will deny Petitioner's motion.

### IV.  Conclusion

For the foregoing reasons, the Court will deny Petitioner's § 2255 motion.  An appropriate Order shall issue.

May 8, 2006                       _____/s/_____
Alexandria, Virginia                      James C. Cacheris
                                  UNITED STATES DISTRICT COURT JUDGE